## Case No. 15,031.
### UNITED STATES v. EIGHT CASKS OF WHISKEY.
[See Case No. 15,030.]

---

## Case No. 15,032.
### UNITED STATES v. EIGHTEEN BALES OF BLANKETS.
[7 Int. Rev. Rec. 69.]

District Court. S. D. New York. 1868.

CUSTOMS DUTIES—FORFEITURE—UNDERVALUATION.

This was a case brought to forfeit the goods for alleged undervaluation. The goods were manufactured at Piermont, near Paris, by T. A. Sollier, and by him shipped to this country, one invoice in December, 1861, and one in January, 1862. He stated the value in the invoices at 11 francs a pair. On appraisal at the customhouse their value was raised to 15 francs a pair. A reappraisement was demanded, and the reappraisers valued them at 16 francs. Thereupon the goods were seized as forfeited for the undervaluation. The claimant gave testimony by witnesses examined on commission, that the goods though shipped in December and January, were actually manufactured by him in September previous, and that the invoice stated their value correctly at that time, while the appraisers had taken their value at the time of shipment.

Mr. Allen, for the United States.
Mr. Choate, for claimant.

THE COURT held that under Act 1823, § 8 [3 Stat. 729], the market value at the time of manufacture was the proper value to be stated by the manufacturer in his invoice, instead of the value at the time of shipment. The government witnesses were recalled and testified that the value was higher than 11 francs even at the time of manufacture, the price of blankets having risen very much after the battle of Bull Run, and the indications of a long war in this country. The question of fact as to the value at that time was left to the jury, and they found a verdict for the claimant.

---

## Case No. 15,033.
### UNITED STATES v. EIGHTEEN BARRELS HIGH WINES.
[8 Blatchf. 475.] [1]

Circuit Court, N. D. New York. June 20, 1871.

INTERNAL REVENUE — DISTILLER — NEGLECT TO MAKE ENTRY AND RETURN—PENALTY—FORFEITURE—WITNESS—EVIDENCE.

1. The penalty for a violation of the thirty-first section of the act of July 13. 1866 (14 Stat. 157), in the neglect, on the part of a distiller,

---

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

to make entry and return, as required by that section, is not merely the penalty imposed by that section, but also the forfeiture of spirits, &c., provided for by the twenty-fifth section of the act of March 2, 1867 (14 Stat. 483).

2. Where, on the cross-examination of a witness, collateral facts are called out from him tending to create distrust of his integrity, fidelity, or truth, it is competent for the adverse party to ask of the witness an explanation which may show the consistency of such facts with his integrity, fidelity, and truth, although circumstances may thus be proved which are foreign to the principal issue, and which, but for such previous cross-examination, would not be permitted to be proved.

[Cited in U. S. v. Quantity of Tobacco, Case No. 16,106.]

3. Where some, though slight, evidence is given on the part of the United States tending to show a failure to make the true and exact entries and returns required by the said thirty-first section, the burthen is cast upon the claimant to show a compliance with the statute.

[Cited in U. S. v. Quantity of Tobacco, Case No. 16,106.]

4. Where property is seized as forfeited for a violation of the internal revenue law, and is bonded, and returned to the claimant, it becomes subject to forfeiture for causes subsequently arising; but the fact of a condemnation for such subsequent forfeiture cannot affect the question of its liability to condemnation in the suit in which it was so bonded.

[Error to the district court of the United States for the Northern district of New York.]

William Dorsheimer, U. S. Dist. Atty.
C. Carskadden, for claimants.

WOODRUFF, Circuit Judge. It is quite manifest that, under the decision of this court in U. S. v. 36 Barrels of High Wines [Case No. 16,468], all the spirits and other property in the place or building, or within the yard or enclosure, where the same were found, were liable to condemnation, under the forty-eighth section of the act of June 30, 1864, as amended by the ninth section of the act of July 13, 1866 (14 Stat. 111); and, inasmuch as the jury found, as to certain of the spirits, that they were in the possession, custody, and control of the claimants, for the purpose of being sold by them in fraud of the internal revenue laws, it follows that they were rightly condemned. In this respect, the charge of the court was too favorable to the claimants; and it would seem useless to try the cause a second time, when, upon the facts found, the condemnation must be certain, according to the construction, heretofore given in this court, of the effect of placing the spirits in the distillery warehouse, namely, that, although in such warehouse, the spirits are, nevertheless, in the possession, custody, and control of the owner, within the meaning of the said forty-eighth section.

But the case was tried upon the contrary view of the meaning of that section, and of the effect of placing the spirits in the warehouse. As to the spirits there stored, the actual condemnation was adjudged under the